# In the United States Court of Federal Claims

No. 06-923L
Filed: November 19, 2007

| | |
|---|---|
| RED CLIFF BAND OF LAKE SUPERIOR CHIPPEWA INDIANS, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

REGARDING CONFIDENTIALITY OF
CERTAIN MATERIALS

Based upon a review of the parties' November 14, 2007, joint stipulation regarding the confidentiality of certain documents, data, and other materials to be provided by defendant to plaintiff in this case, the court hereby ORDERS:

1. The parties' joint stipulation is APPROVED.

2. This order and the associated joint stipulation govern the provision of confidential materials by defendant to plaintiff, regardless of the context (i.e., in litigation, ADR, or informal settlement discussions) in which the provision occurs.

3. Plaintiff shall not use the confidential materials, or their contents, for any purpose, other than this litigation (including any ADR process, informal settlement discussions, and appeals therein) or any related administrative proceedings before the Interior Department, if any. Any information contained in the confidential materials shall be kept strictly confidential by plaintiff's attorney(s) and plaintiff's designee(s), and such information shall not be disclosed, made public, or made available to anyone, except as specifically provided in this order and the associated joint stipulation or in any further order that this court may enter.

4. Any documents, data, or other materials made available by defendant to plaintiff's attorney(s) or plaintiff's designee(s) for inspection in this case shall be deemed confidential for purposes of the inspection. Any images or copies of confidential materials that are provided to plaintiff shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE." Plaintiff and defendant may agree to forego defendant's review to determine the confidentiality of certain documents, data, and other materials to be provided to plaintiff, in which case defendant shall include on those documents, data, and other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, and other materials to plaintiff. All documents, data, and other materials so endorsed shall be deemed confidential materials and protected as such under this order and the associated joint stipulation. If plaintiff intends to file documents, data, or other materials that have been endorsed as confidential materials with the court as evidence or for any other purpose, it shall follow the procedures set forth in this order and the associated joint stipulation. Alternatively, plaintiff may request that defendant review certain endorsed documents, data, or other materials to determine if they contain confidential information; redact any confidential information; and produce a version of the documents, data, or other materials, after the necessary redactions, for filing with the court without the confidential materials endorsement. After the documents, data, or other materials have been redacted or otherwise determined not to contain confidential materials, the documents, data, or other materials shall no longer be considered confidential and subject to this order and the associated joint stipulation.

5. Documents, data, or other materials relating exclusively to individuals, other tribes, or entities, or to funds, lands, and resources to which plaintiff does not claim a legal interest shall not be produced to plaintiff, unless plaintiff and defendant agree that such production would be appropriate and necessary for the purposes of this case. In the event that the parties agree that such documents, data, or other materials should be produced to plaintiff, defendant shall include on the documents, data, or other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, or other materials to plaintiff.

6. Plaintiff and defendant shall share equally the costs of copying or imaging the documents, data, and other materials to be produced to plaintiff. Copying or imaging charges shall be billed at reasonable rates calculated to cover only the actual costs of copying or imaging, commensurate with the size and difficulty of the requested documents.

7. Any notes, dictation tapes, or media containing electronically stored information that are made as part of a review of the confidential materials and that contain information regarding the confidential materials shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" and shall be subject to the same provisions as copies or images of the confidential materials.

8. Confidential materials may be disclosed without further court approval only to the following: (1) the court or any settlement judge or mediator appointed, designated, or selected to work with the parties in this case; (2) the attorney(s) of record in this case, as well as the attorney(s), paralegal(s), and support staff in his/her/their office(s) who are involved or may be necessary in the ordinary course to representing plaintiff herein; and (3) plaintiff's designees in this case. The attorney(s) of record in this case; the attorney(s), paralegal(s), and support staff in the office(s) of the attorney(s) of record; and plaintiff's designees may have access to the confidential materials, provided, however, that, before receiving access to the confidential materials, each person receiving such access shall execute an "Affidavit of Confidentiality," in the form attached as Exhibit 1 to the parties' joint stipulation and provide the affidavit to plaintiff's attorney(s) of record. (No Affidavit of Confidentiality needs to be executed by support staffers who simply handle or file the confidential materials but do not review their contents.) The executed Affidavits of Confidentiality shall be maintained by plaintiff's attorney(s) of record.

9. Confidential materials shall be filed under seal by the Clerk of Court in the event that such materials are filed into the court record as evidence or exhibits or for any other purpose. The parties herein shall not file with the court at any time any pretrial motion, brief, pleading, or other filing in this case, quoting, or paraphrasing confidential materials or containing information obtained from confidential materials, unless the confidential portion of any such motion, brief, pleading, or other filing is filed under seal with the Clerk of Court. Materials or pleadings filed under seal shall be filed in accordance with Appendix A, RCFC, and other applicable court rules, policies, and orders.

10. It shall be the responsibility of plaintiff's attorney(s) of record herein, as well as the attorney(s) working with plaintiff's attorney(s) of record on this case, and of any other person possessing confidential materials, to employ reasonable measures, consistent with this order and the associated joint stipulation, to control duplication of, access to, and distribution of the confidential materials.

11. All confidential materials, copies or images thereof, or extracts that constitute confidential materials under this order and the associated joint stipulation shall be returned to counsel for defendant or be destroyed, immediately upon the termination of this litigation (including the resolution of any applicable appeals) or the termination of any related administrative proceedings, if any, before the Interior Department, whichever occurs later. At that time, all individuals who have executed an Affidavit of Confidentiality pursuant to Paragraph 8 of this order and the associated joint stipulation who still have access to such confidential materials shall certify in writing that all such confidential materials, copies, or images thereof, or extracts that constitute confidential materials have been returned or destroyed. Plaintiff's attorney(s) of record shall maintain these certifications and shall provide a copy thereof to defendant's counsel upon request.

12. If plaintiff disputes defendant's assertion and designation that a document, data, or information is/are subject to confidentiality protection under federal law or regulations, plaintiff shall notify defendant in writing and state therein the grounds for disputing defendant's assertion and designation of confidentiality. Within 30 days of defendant's receipt of such written notification (or a longer period of time, if the parties so agree), the parties herein shall discuss and attempt to resolve the dispute. If the parties do not resolve the dispute within 30 days or an extension thereof, plaintiff may file a motion to seek a ruling from the court regarding defendant's assertion and designation regarding confidentiality.

13. Until further order of this court, this order and the associated joint stipulation shall remain in full force and effect after the dismissal of the case and regardless of whether the parties reach settlement.

IT IS SO ORDERED.

s/John P. Wiese
John P. Wiese
Judge